UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward Charles LEVAY, Defendant–
Appellant.

No. 94–20301.

United States Court of Appeals,
Fifth Circuit.

March 4, 1996.

Robert A. Shults (Court-appointed), Houston, TX, for Appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Gaynelle Griffin Jones, U.S. Atty., Houston, TX, for Appellee.

Before GARWOOD, SMITH and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Edward Charles Levay ("Levay") appeals from the district court's order denying relief under either 18 U.S.C. § 3582 or 28 U.S.C. § 2255. Levay argues that the district court abused its discretion by refusing to recalculate his sentence in light of the Sentencing Commission's 1993 amendment to U.S.S.G. § 2D1.1.

Levay pleaded guilty to one count of conspiracy to manufacture in excess of 1000 grams of a mixture containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One), and with possessing with intent to distribute in excess of 1000 grams of a mixture containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Two). Under the terms of the plea agreement, the government agreed to dismiss Count Two and withdraw its notice of intent to prove prior convictions.

At sentencing, Levay objected to the calculation of his base offense level. The district court based the sentence on the total weight of the materials found in a 2½ gallon plastic container. According to the government laboratory report, only 5.96 of the 9,892 grams of material in the container were methamphetamine. The district court found that "the guidelines require a calculation based upon the amount of liquid in which a detectable amount of methamphetamine is found."

Levay moved to withdraw his guilty plea, claiming that his counsel misadvised him about the amount of methamphetamine applicable to the calculation of his sentence. The district court denied his motion and sentenced Levay to 210 months of imprisonment followed by a five-year term of supervised release. On July 3, 1991, we affirmed Levay's sentence.

On December 27, 1993, Levay filed a motion under 28 U.S.C. § 2255, arguing that he was entitled to a recomputation of his sentence based on the retroactive application of Amendment 484 to U.S.S.G. § 2D1.1. In its March 23, 1994, order, the district court denied Levay relief under 28 U.S.C. § 2255. In its second, April 22, 1994, order, the district court declined to exercise its discretion to reduce Levay's sentence under 18 U.S.C. § 3582(c)(2) for two reasons. First, the court stated that Amendment 484 did not apply to Levay's sentence. Second, the court believed that Levay faced a minimum sentence of 20 years under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

## DISCUSSION

### I. Applicability of Amendment 484

Section 3582(c)(2) authorizes a district court to reduce a sentence when the guideline range applicable to the defendant has been lowered by a retroactive amendment.[1] *United States v. Towe*, 26 F.3d 614, 616 (5th Cir.1994). Section 3582(c)(2) provides that:

in the case of a defendant who has been sentenced to a term of imprisonment based

---

1. Since Amendment 484 was not in effect at the time of Levay's sentencing, the district court properly denied Levay's motion for relief under 28 U.S.C. § 2255. As we held in *United States v.*

*Towe*, 26 F.3d 614, 616 (5th Cir.1994), a motion pursuant to 18 U.S.C. § 3582(c)(2) is the proper vehicle for reconsideration of the defendant's sentence in light of a retroactive amendment.

on a sentencing range that has subsequently been lowered ... the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (1990). The Sentencing Commission gave Amendment 484 retroactive effect, making a motion under § 3582(c)(2) appropriate. *Shaw*, 30 F.3d at 28; *see also* U.S.S.G. § 1B1.10(d), p.s. (Nov. 1993).

 The decision to reduce a sentence is discretionary; therefore, we review the district court's determination for abuse of discretion. *United States v. Townsend*, 55 F.3d 168 (5th Cir.1995). We review the district court's factual findings for clear error. *United States v. Mimms*, 43 F.3d 217, 220 (5th Cir.1995).

 In 1993, the Sentencing Guidelines Commission amended U.S.S.G. § 2D1.1, clarifying what materials must be excluded from controlled substances in calculating the weight at sentencing. Specifically, the commentary to Section 2D1.1 was amended to provide:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.

U.S.S.G.App.C., Amend. 484 (1993).

The district court did not find that Amendment 484 was not retroactive or that it did not affect controlled substances that were mixed with other materials. Instead, the court concluded that "the wastewater" exception in Amendment 484 did not apply

"because the statute under which he was convicted refers to the liquid containing a detectable amount of methamphetamine."

Under the amended guideline, only the actual weight of the controlled substance is applied in calculating the base offense level, not the aggregate weight of any mixture as required by the section in effect at the time Levay was sentence. Thus, Levay's base offense level was 34 under the court's approach because the weight of entire mixture, 9,892 grams, fell within the 3 KG to 10 KG range corresponding to a base offense level of 34. U.S.S.G. § 2D1.1(c)(5) (1990). Had the court sentenced Levay using the 5.96 grams of methamphetamine as the weight of the "mixture or substance" then the base offense level would have been 14. U.S.S.G. § 2D1.1(c)(15) (1990).

We find that the district court erred by misinterpreting Amendment 484, which by its plain language addresses mixtures containing a material that must be separated before the controlled substance is consumed. Here, the government's lab reports describes a mere 5.96 grams of the mixture as a controlled substance. The waste water referred to in the amendment commentary is but one example of the type of disposable material that may not be included in the weight calculated. The government concedes that the disputed mat... ...al here has to be separated from the remaining liquid before it can be used.

The government argues alternatively that because the disputed liquid is a "precursor" chemical, it should be applied to the weight of the controlled substance. However, Amendment 484 specifically addresses precursor chemicals mixed with controlled substances. Of the two types of cases described by the amendment, "[t]he second type of case involves the waste produced from an illicit laboratory used to manufacture a controlled substance or chemicals confiscated before the chemical processing of the controlled substance is completed." U.S.S.G., App.C. amend. 484 (citing *United States v. Sherrod*, 964 F.2d 1501 (5th Cir.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1992), and *cert. denied*, 507 U.S. 953, 113 S.Ct. 1367, 122 L.Ed.2d 745 (1993), and *cert.*

*denied,* 506 U.S. 1041, 113 S.Ct. 832, 121 L.Ed.2d 701 (1992)).

## II. Mandatory Minimum under Section 841

The district court based its denial of Levay's motion for reconsideration in part on its conclusion that Levay faced a minimum sentence of twenty years under § 841(b)(1)(A).[2] A court may deny a motion under § 3582(c)(2) if the sentence under the amended guidelines is greater than the original sentence. U.S.S.G. § 1B1.10(b) (1993); *United States v. Shaw,* 30 F.3d 26, 28 (5th Cir.1994). Moreover, the guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b) (1993). *See United States v. Schmeltzer,* 960 F.2d 405, 408 (5th Cir.), *cert. denied,* 506 U.S. 1003, 113 S.Ct. 609, 121 L.Ed.2d 544 (1992).

Here, however, the district court erred because the minimum sentence Levay faced under § 841(b)(1)(A) was ten years, not 20. Section 841(b)(1)(A) provides for a minimum sentence of ten years for first offenders. Any person convicted of a prior drug offense must serve a minimum of 20 years. Although the presentence report stated that Levay had been previously convicted in 1984 of possession of methamphetamine and in 1985 of manufacturing methamphetamine, the district court improperly concluded that this information automatically triggered the 20–year minimum sentence. Despite providing for a 20–year sentence for prior convictions, the statute also establishes a mandatory procedure for proving prior convictions.[3] Failure on the part of the government to file, before trial or before entry of a guilty plea, an information stating the previous convictions, prevents a count from enhancing a

sentencing under the statute.[4] *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974). *See also United States v. Nanez,* 694 F.2d 405, 411–12 (5th Cir.1982) (dicta), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983). Here, since the government withdrew its notice of intent to prove prior convictions as part of the plea agreement, the court was precluded from considering prior convictions as a factor under § 841(b)(1)(A).

## III. Affirming under Other Factors from § 3553(a)

The government argues alternatively that we should affirm on the basis that the district court implicitly considered other factors from § 3553(a), citing *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir.1995). In *Whitebird,* we affirmed the district court's denial of a motion under § 3852(c)(2) although no explanation for the ruling was given. We concluded that the district court had implicitly considered three factors from § 3553(a) advanced by the government. We reject the government's argument in this case, since the district court here explicitly stated the two reasons upon which it based its finding, instead of ruling without stating any reasons. Both of the reasons advanced by the court were erroneous: the inapplicability of Amendment 484 to this defendant's sentence and the mandatory minimum required by § 841. Having found that the district court erred, we will not find that it implicitly relied on reasons other than those explicitly stated in its order.

## CONCLUSION

We conclude that the district court was in error in finding that Amendment 484 did not

**2.** This conclusion conflicts with the actual sentence, which was set at less than 20 years, as the district court noted by stating that "Petitioner received only 210 months, less than the lowest possible statutory range" ... Order of March 23, 1994, at 3.

**3.** 21 U.S.C. § 851 (1995) provides:
No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior

convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon.

**4.** We note that this bar to enhancing a defendant's sentence for prior convictions applies only to § 841, not to enhancements available to the court under the guidelines.

apply to Levay's sentence and that a mandatory minimum twenty-year sentence mooted a reconsideration of his sentence. Accordingly, we VACATE and REMAND for resentencing in light of Amendment 484 to U.S.S.G. § 2D1.1.