IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20569
_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DAVID HAROLD SIMKINS

Defendant - Appellant


_____

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-89-420-1)

_____

June 19, 1996
Before KING, DAVIS and EMILIO M. GARZA, Circuit Judges.


PER CURIAM:[*]

    David Harold Simkins appeals the district court's denial of

his motion for reduction of sentence under 18 U.S.C. §

_____

    [*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

3582(c)(2).  Finding no abuse of discretion, we affirm the decision of the district court.

## I. BACKGROUND

Simkins was charged with attempting to manufacture more than 100 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Approximately five gallons of liquid reaction mixture were found in Simkins's laboratory and tests revealed that the strength of the p2p, the active-drug ingredient, was 20%.  On February 4, 1991, Simkins entered a plea of guilty pursuant to an agreement with the Government whereby the Government agreed to recommend the minimum guideline sentence. The Government recommended that the court calculate the quantity of drugs charged to Simkins by using the five gallons of p2p and converting it to a heroin equivalence of 3.16 kilograms. Adopting this recommendation, the district court sentenced Simkins to 210 months imprisonment.  Simkins appealed, and this court affirmed his sentence in United States v. Simkins, No. 91-2445 (5th Cir. March 23, 1992) (unpublished).

On February 23, 1995, Simkins filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and he requested that the district court set the motion for a hearing.  Simkins based his request for sentence reduction upon a retroactive amendment to §2D1.1 of the Sentencing Guidelines.  The amendment provides that waste material used in manufacturing drugs should

2

not be used to calculate the amount of controlled substance attributable to a defendant.  USSG App. C., Amend. 484 (1993). Simkins argued that, of the five gallons of liquid reaction mixture seized from the illicit lab, 80% was excludable waste water.

The district court ordered the Government to file a response to Simkins's motion for sentence reduction.  On April 27, 1995, the Government responded that Simkins's sentence should not be reduced because, among other things, "Simkins intended to produce as much p2p as possible, up to two and one half gallons."  The Government attached a declaration from the DEA chemist who originally analyzed the chemical substance:  He indicated that, with additional "cooking," the strength of the substance might have attained a level as high as 50%, yielding as much as 9.1 kilograms of pure methamphetamine HCL.

On July 11, 1995, without granting a hearing, the district court denied Simkins's motion for sentence reduction.  In part, the court's decision was based on the fact that, because Simkins's methamphetamine laboratory was located in a hotel room, he had endangered the lives of unsuspecting lodgers.  The court also based its decision on the calculations contained in the DEA chemist's declaration about the possible strength of the substance after further processing.

## II. DISCUSSION

The trial court must sentence a convicted defendant to a term within the range provided by the Sentencing Guidelines, unless it finds an aggravating circumstance not contemplated under the Guidelines. United States v. Otero, 868 F.2d 1412, 1414 (5th Cir. 1989). Section 2D1.1 of the Sentencing Guidelines addresses unlawful trafficking, manufacturing, importing, and exporting of drugs. USSG §2D1.1. At the time of Simkins's original sentencing in 1991, the drug quantity table in §2D1.1 provided that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." USSG §2D1.1 at 2.47 (1990).

When, subsequent to sentencing, the guideline range is lowered by a retroactive amendment, 18 U.S.C. § 3582(c) authorizes the court to reduce the sentence. United States v. Levay, 76 F.3d 671, 672 (5th Cir. 1996). Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In 1993, with Amendment 484, the Sentencing Guidelines Commission specified that certain

4

materials, including waste water, must be excluded from controlled substances in calculating the weight at sentencing.[1] The Commission gave Amendment 484 retroactive effect. Levay, 76 F.3d at 673; see also USSG §1B1.10(d), p.s. (1993). Thus, it is appropriate for a defendant to bring a motion for resentencing in light of Amendment 484, pursuant to § 3582(c)(2).

The decision to reduce a sentence is within the discretion of the district court. Levay, 76 F.3d at 673. The Sentencing Guidelines instruct the district court that, in exercising this discretion, it "should consider the sentence that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced." United States v. Allison, 63 F.3d 350, 351 (5th Cir.) (quoting USSG §1B1.10(b), p.s. (1995)), cert. denied, 116 S. Ct. 405 (1995). We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion; we review a court's findings of fact under §

---

[1] Specifically, Amendment 484 altered the commentary to §2D1.1 to provide, in pertinent part:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include . . . waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.

USSG App. C., Amend. 484 (1993).

5

3582(c)(2) for clear error.  Levay, 76 F.3d at 673.

Simkins raises two issues on appeal:  1. Whether the district court gave adequate consideration to the sentence it would have imposed had Amendment 484 been in effect at the time Simkins was sentenced.  2. Whether Simkins was given an opportunity to respond to the Government's opposition to his motion.  We address these issues in turn.

First, Simkins contends that the district court abused its discretion by denying his § 3582(c)(2) motion without considering the sentence it would have imposed had Amendment 484 been in effect when he was sentenced.  Simkins concedes that the district court determined that if he were sentenced today Simkins could only be sentenced for 20% of the mixture found in his lab. According to Simkins, however, the district court did not give adequate consideration to the specific sentence Simkins would receive today based on that amount.  We disagree.  After examining the record, we conclude that the district court adequately considered the sentence it would have imposed originally had the guidelines as amended been in effect at the time.

Simkins's second argument on appeal is that the district court abused its discretion by relying on the DEA chemist's declaration without affording Simkins a meaningful opportunity to respond.  Although Simkins requested a hearing in his motion for

6

sentence reduction under § 3582(c)(2), the district court ruled on his motion without holding a hearing or notifying Simkins that it was taking into account the declaration of the DEA chemist. Based on Simkins's reading of <u>United States v. Townsend</u>, 55 F.3d 168, 172 (5th Cir. 1995), Simkins contends that the district court erred in not allowing him an opportunity to answer or confront the DEA chemist.

<u>Townsend</u> was a § 3582(c)(2) proceeding with facts similar to the case <u>sub judice</u>. As one of several individuals convicted of conspiracy to manufacture more than 100 grams of methamphetamine, Townsend was sentenced to 300 months imprisonment. Townsend filed a motion for reduction in sentence and the district court ordered the Government to respond. After filing its initial response, the Government filed a supplemental response to which was attached the transcript of testimony taken during the hearing of one of Townsend's co-conspirators. Although, Townsend "was served with a copy of the transcript, he was never notified that the court intended to rely on it in reaching a decision nor was he told to respond to the testimony." <u>Townsend</u>, 55 F.3d at 172. No hearing was held. Based on the transcript submitted by the Government, the district court denied Townsend's motion for a reduction in sentence. In vacating the order of the district court, we held that the court must give the defendant notice and an opportunity to respond if it intends to base its resentencing

7

decision on evidence not presented at the original sentencing hearing. Id.

Townsend, however, is distinguishable from the case at bar. Townsend was a pro se defendant who maintained that he did not know that he was allowed to reply to the Government's response. Id. Noting that the defendant "had no notification that he could respond [to] the testimony, nor any indication that the court intended to consider the testimony in its § 3582(c)(2) determination," we concluded that the defendant did not have adequate notice under the circumstances. In the instant case, Simkins was represented by counsel when he presented his § 3582(c)(2) motion to the district court. Unlike a pro se defendant, an attorney is expected to know when he is required to respond.

Section 3553(a) requires a court, when deciding whether to modify a sentence, to consider "any pertinent policy statement issued by the Sentencing Commission . . . that is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a). It is true, as noted in Townsend, that according to one of the relevant policy statements issued by the Sentencing Commission, "[w]hen any factor important to sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." Townsend, 55 F.3d at 172 (quoting USSG §6A1.3(a), p.s.). To be entitled to an evidentiary hearing, a defendant

must demonstrate that: 1. a fact issue material to his sentence is reasonably in dispute; and 2. the court cannot resolve it without a full hearing. See United States v. Pologruto, 914 F.2d 67, 69 (5th Cir. 1990) (citing United States v. Mueller, 902 F.2d 336, 347 (5th Cir. 1990)). Whether to grant an evidentiary hearing is within the discretion of the court. Mueller, 902 F.2d at 347.

In the instant case, Simkins presented no evidence that there was a dispute over any material fact. Moreover, the district court did not deny Simkins's motion for resentencing until approximately ten weeks after the Government filed its response. Thus, Simkins had ample opportunity to rebut the Government's facts. Nonetheless, in all that time, Simkins did not object to the filing of the DEA chemist's declaration. Nor did Simkins explicitly apprise the court in any way of his opposition to the declaration. In the context of a resentencing inquiry, simply requesting a hearing will not suffice. In order to counter the Government's response, it was incumbent on Simkins to raise a fact dispute.

Furthermore, the district court based its denial of Simkins's motion for sentence reduction, in part, on an assessment of the facts peculiar to this case. In addition to considering policy statements issued by the Sentencing Commission, a court is required to consider a number of other factors when deciding whether to reduce a defendant's sentence.

9

18 U.S.C. §§ 3553(a)& 3582(c)(2). "These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; and the kinds of sentences available. 18 U.S.C. § 3553(a)." United States v. Shaw, 30 F.3d 26, 29 n.1. (1994). The district court determined that "in view of the nature and circumstances of this case a sentence reduction should not be made [because] Simkins operated a methamphetamine chemical laboratory in [a] hotel room next to non-suspecting customers and thereby endangered their lives." Such a finding was not an abuse of discretion.

A § 3582(c)(2) motion "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). By its own terms, application of § 3582(c)(2) is discretionary. United States v. Shaw, 30 F.3d at 28.

Based on the language of the statute and a review of the facts of this case, we conclude that the district court did not abuse its discretion in denying Simkins's request for a hearing. Additionally, we conclude that Simkins was afforded both notice of the Government's response and ample opportunity to respond thereto.

10

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.