IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31258
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SYLVESTER TOLLIVER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 92-CR-20008-1
--------------------
August 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Sylvester Tolliver, federal prisoner # 24806-013, appeals the district court's order denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Tolliver argues that the amount of drugs on which his sentence was based, 50.12 kilograms of cocaine, included "impurities or mixtures" that should be excluded under Amendment 484 of the Sentencing Guidelines, which became effective after Tolliver was sentenced. He asserts that the total net weight of the cocaine was less than 50 kilograms and that he should be resentenced under a base

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level of 34. Tolliver additionally adopts the arguments advanced by his codefendant, Troy A. Lawrence, who filed a similar motion in the district court and whose appeal is decided along with Tolliver's. Lawrence has asserted that the 50.12 kilograms of cocaine used at sentencing included the weight of the packaging materials in contravention of Amendment 484.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). The current Sentencing Guidelines provide that "[u]nless otherwise specified, the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c), footnote A (May 2001). Amendment 484 changed an application note to U.S.S.G. § 2D1.1 by clarifying that a mixture or substance "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. § 2D1.1, comment. (n.1) (Nov. 1993); see U.S.S.G., App. C, amend. 484. The Sentencing Commission gave this amendment retroactive effect. U.S.S.G. § 1B1.10(c), p.s. (Nov. 1993); see United States v. Levay, 76 F.3d 671, 673 (5th Cir. 1996) (recognizing retroactive effect of Amendment 484).

We review the district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c) for an abuse of discretion. United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

The testimony of the chemist and the transcript from Tolliver's sentencing hearing reveal that whether the weight of the packaging materials was included in determining the amount of drugs involved was addressed at trial and was discussed at sentencing in response to Tolliver's inquiry. Tolliver's 18 U.S.C. § 3582(c)(2) motion thus is an attempt to relitigate an issue that was rejected at sentencing and that he could have raised on direct appeal. Such an issue is not cognizable under 18 U.S.C. § 3582(c)(2). See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994) (holding that defendant's attempt to relitigate an issue that could have been raised at sentencing was not cognizable under § 3582(c)(2)).

Tolliver's arguments in support of a sentence reduction by way of 18 U.S.C. § 3582(c)(2) are further complicated, as they are challenges to the jury's determination, beyond a reasonable doubt, that the amount of drugs involved was approximately 50 kilograms of cocaine. The indictment in this matter alleged that "approximately 50 kilograms of cocaine" were involved in the offenses committed by Tolliver, and the jury found Tolliver guilty as charged. Section 3582 governs the sentencing phase of a criminal proceeding. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (stating that 18 U.S.C. § 3582 is a criminal provision that governs the imposition and subsequent modification of sentences of imprisonment). "Sentencing factors"

are facts "not found by a jury," but found by the sentencing judge "by a preponderance of the evidence." See Apprendi v. New Jersey, 530 U.S. 466, 485-86 (2000) (explaining "sentencing factors") (citing McMillan v. Pennsylvania, 477 U.S. 79 (1986)). Because Tolliver's arguments challenge a fact found by the jury, and not merely a sentencing factor found by the sentencing judge by a preponderance of the evidence, his arguments are not available in an 18 U.S.C. § 3582(c)(2) proceeding.

Even if Tolliver were entitled to challenge the jury's verdict regarding the amount of drugs, he still would not be entitled to any relief.** There was no evidence that the "impurities" identified by the chemist at trial had to be separated from the cocaine before use as contemplated by Amendment 484. To the extent that Tolliver is arguing that the weight of the drugs should be reduced to reflect the purity levels of the cocaine, his argument is unavailing. See United States v. Coleman, 166 F.3d 428, 432 (2nd Cir.) (issued after Amendment 484 and stating that purity of the controlled substance is not a factor in sentencing) (relying on Chapman v. United States, 500 U.S. 453, 459-68 (1991), and citing United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993)), cert. denied, 526

---

** The standard of review in assessing a sufficiency-of-the-evidence challenge is whether a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[T]he evidence . . . must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).

U.S. 1138 (1999). Tolliver's argument regarding the weight of the packaging is also unsupported by the evidence at trial.

Based on the foregoing, the district court did not abuse its discretion in denying Tolliver's 18 U.S.C. § 3582(c)(2) motion, and its judgment is

AFFIRMED.