# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50190

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CESAR GERARDO MARTINEZ-SAAVEDRA,

      Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-410-1

Before JOLLY, ELROD, Circuit Judges, and STARRETT, District Judge.[*]

KEITH STARRETT, District Judge:[**]

In 2009, Appellant Cesar Gerardo Martinez-Saavedra ("Martinez") was convicted of four drug-trafficking crimes and sentenced to concurrent sentences of 151 months. In April 2014, the U.S. Sentencing Commission approved the amended guideline which reduced across the board the drug quantity table by two levels.[1] On March 27, 2015, after consulting with the

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This has since become known as "Drugs Minus Two" and has had the effect of lowering the guideline range for most people previously sentenced for a drug crime. In July 2014, the Commission voted to make the amendment retroactive, which meant that

No. 16-50190

Government, Martinez filed an Agreed Motion for a Sentence Reduction. After a short hearing on the motion on February 11, 2016, the district court denied relief. Martinez argues that the district court erroneously relied on impermissible factors and erroneously refused to consider his post-sentencing conduct. Because the reasons behind this denial are not adequately articulated, we REMAND the case to the district court with instructions to clarify whether the district court considered impermissible factors. We AFFIRM as to the district court's refusal to consider Martinez's post-sentencing conduct.

## I.

On May 2, 2007, Custom and Border Protection ("CBP") discovered 12.04 kilograms of cocaine in Martinez's minivan as he and his passenger, Jacobo Alba-Barba, attempted entry to the United States through the United States Port of Entry in Del Rio, Texas. Martinez was referred to secondary inspection when CBP officers noted black mesh blocking the van's front-dash vent. Martinez denied knowledge of anything illicit in the van. He was taken into custody and advised of his rights when CBP officers removed 13 packages of cocaine out of a hidden compartment in his dash. Martinez waived his rights and provided a sworn statement, in which he stated that a person named "Fausto" had borrowed his van and that Martinez believed that he had hidden money in it. He further stated that Fausto had threatened him and his family if he refused to drive the van into the United States.

Martinez's border crossing history subsequently revealed that he had crossed into the United States on April 29, 2007, three days prior to the incident. Testimony at trial was that this first crossing was for a family

---

previously sentenced offenders, such as Martinez, could petition to have their sentences reduced.

No. 16-50190

shopping trip, but the Government argued at trial that the real purpose was to "probe the border."

Martinez was charged in a four-count indictment on May 23, 2007, in the Western District of Texas. The first two counts of the indictment were for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and conspiracy to import the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952(a), 960(a)(1), and 963. Counts three and four were for possession with intent to distribute 5 kilograms or more of cocaine, and the unlawful importation of the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 952(a), 960(a)(1), and 960(b)(1).

The district court transferred the case to United States District Judge William Wayne Justice for trial. On October 11, 2007, after a two-day trial, the jury returned a guilty verdict against Martinez on all four counts.

The case was transferred back to the original judge for sentencing, which was held on March 2, 2009. The Pre-Sentence Report reflected a base offense level of 32 and a Criminal History Category of I, which yielded a guideline range of 121 to 151 months incarceration. The Government moved for a two-level obstruction-of-justice enhancement, which the district court denied. Ultimately, Martinez was given a guideline-range sentence of 151 months imprisonment, five years of supervised release, and a $400 special assessment.

Martinez appealed, and this Court affirmed his conviction and sentence. On June 26, 2012, he filed a Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which the district court denied as untimely.

## II.

On March 27, 2017, an Agreed Motion for Reduction of Sentence was filed pursuant to 18 U.S.C. § 3582(c)(2). In this motion, the parties asked that a two-level reduction in Martinez's base offense level, from 32 to 30, be applied

3

No. 16-50190

in accordance with the recent drug sentencing guideline amendments, made retroactive by the U.S. Sentencing Committee. *See* U.S.S.G. App. C., amend. No. 782; U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). This reduction would have changed Martinez's guideline-sentencing range from 121 to 151 months to 120[2] to 121 months. The motion asked that the sentence be modified to 121 months. In a hearing held on the motion on February 11, 2016, the district court stated the following:

> This was a jury trial. I remember this from the jury trial. It was hard fought. I'm not inclined to grant this one. And I remember that part of it was the defendant – I'm trying to remember. It was -- he did not testify, but the argument was that he didn't know what was in there, even though he had given a statement, somewhat, to that effect. And the jury heard quite a bit on this case. If I remember correctly, too, there was testimony that this was not the first time.

Subsequently, the district court entered an order that same day denying the motion. Martinez timely appealed.

## III.

The Court reviews a denial of a motion to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.*

Section 3582(c)(2) states that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section

---

[2] The mandatory-minimum sentence for the offense is set by statute to be ten years. *See* 21 U.S.C. § 841(b)(1)(A).

No. 16-50190

3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "The district court must conduct a two-step inquiry" when addressing motions under § 3582(c)(2): (1) it must "determine whether the prisoner is eligible for a sentence modification and the extent of the reduction authorized;"[3] and (2) it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Henderson*, 636 F.3d at 717 (citation omitted). The factors of § 3553(a) include, among others, "the nature and circumstances of the offense" and "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The district court also "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *United States v. Coleman*, 678 F.App'x 262, 263 (5th Cir. 2017) (per curiam) (quoting U.S.S.G. § 1B1.10, cmt. (n.1(B)(iii))) (alteration in original). Where the district court has explicitly based its rulings on erroneous factors, its implicit consideration of the factors from § 3553(a) is not sufficient to support its ruling. *See United States v. Levay*, 76 F.3d 671, 674 (5th Cir. 1996).

## A.

Martinez first argues that the district court based its rulings on erroneous factors. Because the record is unclear as to what factors the district

---

[3] Though this first step was not addressed by the district court, the court implicitly held that Martinez was eligible for a reduction by proceeding to the second step. No party disputes that Martinez was eligible for the reduction.

court relied on when denying the agreed motion, we remand on this issue for further clarification.

The district court's statement that there was a "hard fought" jury trial suggests that it may have impermissibly considered the fact that defendant exercised his right to a trial in making its decision. We have previously held that a denial of a motion under § 3582(c)(2) on this basis is an abuse of discretion. *See Coleman*, 678 F.App'x at 264.

Martinez further argues that the district court's observations about his testimony at trial should be interpreted as the court impermissibly revisiting its denial of an obstruction-of-justice enhancement, which was argued and denied at his original sentencing. Under U.S.S.G. § 1B1.10(b)(1), when determining if and to what extent a reduction is warranted under § 3582(c)(2), the district court must "leave all other guideline application decisions unaffected." Therefore, if the district court's statements did amount to a reconsideration of its previous denial of the obstruction-of-justice enhancement, it would have abused its discretion because its decision would be based on an error of law. *See Henderson*, 636 F.3d at 717.

There is also uncertainty as to what the district court's comment that this was "not the first time" alludes. Martinez contends that the district court mistakenly believed that he had a past criminal history, but the Government argues that the court meant only that it was not the first time Martinez had crossed the border.

Because the district court's articulation of its reasons for denial is vague, we cannot definitively say whether it relied on impermissible factors. As such, we remand for clarification.

**B.**

Martinez also argues that the district court erred in not considering his post-sentencing conduct. Though a district court may consider post-sentencing

conduct, we have previously held that it "is not *required* to consider post-sentencing conduct when making a determination as to a sentence reduction." *Coleman*, 678 F.App'x at 263 (emphasis in original); *see also United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (holding that a district "may" consider post-sentencing conduct); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (stating that the district court is "allow[ed]" to consider post-sentencing conduct).  Because it is not required that the district court consider post-sentencing conduct, we affirm the district court's decision to not consider such conduct in this case.

## IV.

For the reasons stated above, we AFFIRM the district court's refusal to consider Martinez's post-sentencing conduct. We further REMAND the case to the district court for clarification of the reasons for its denial of the Agreed Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2).