UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Wade TOWNSEND, Defendant–Appellant.

No. 94–50572.

United States Court of Appeals, Fifth Circuit.

June 5, 1995.

Robert Wade Townsend, Oakdale, LA, pro se.

Richard L. Durbin, Jr., Asst. U.S. Atty., James H. DeAtley, Acting U.S. Atty., San Antonio, TX, for appellee.

Before REAVLEY, KING and WIENER, Circuit Judges.

PER CURIAM:

Robert Wade Townsend was convicted of conspiracy to manufacture more than 100 grams of methamphetamine in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. Townsend was then sentenced to 300 months imprisonment, to be followed by eight years of supervised release. Additionally, Townsend was fined $5000. Subsequently, Townsend moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2), and the district court denied his motion. Townsend, proceeding pro se, appeals, arguing that the district court, in considering his § 3582(c)(2) motion, improperly relied on testimony from a codefendant's proceeding. Because we find that the district court did not inform Townsend that it intended to rely on that testimony and afford him a meaningful opportunity to respond to that testimony, we remand the decision of the district court.

## I. BACKGROUND

Townsend was one of several individuals indicted and convicted in connection with a conspiracy to manufacture methamphetamine. Townsend appealed to this court, but we affirmed his conviction in *United States v. Harris*, 932 F.2d 1529 (5th Cir.1991), *cert. denied*, 502 U.S. 897, 112 S.Ct. 270, 116 L.Ed.2d 223 (1991). Townsend then attempted a collateral challenge to his conviction in a motion under 28 U.S.C. § 2255, but this challenge was also unsuccessful.

On April 20, 1994, Townsend filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Specifically, Townsend argued that changes to § 2D1.1 of the sentencing guidelines mandated a reduction in his sentence from a guideline range of 262–327 months to a guideline range of 100–125 months.[2]

---

1. Section 3582(c) provides that:

   The court may not modify a term of imprisonment once it has been imposed except that—

   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

   18 U.S.C. § 3582(c)(2).

2. A 1993 amendment to U.S.S.G. § 2D1.1 excluded waste water used in a controlled substance manufacturing process from the calculation of the weight of a controlled substance. *See* U.S.S.G. App. C, amend. 484. Under the amended version of the sentencing guidelines, "[m]ixture of a controlled substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials in-

The court ordered the probation office to prepare an addendum to Townsend's presentencing report, taking into account the amended guidelines. The district court noted that "[u]sing the [amended] guidelines, the Probation Officer calculate[d] a [sentencing] range of 120–150 months." On May 16, 1994, the district court, "[h]aving reviewed the addendum prepared by the probation office," ordered the government to respond to Townsend's motion.

In its response, filed on May 27, 1994, the government argued that application note 12 to U.S.S.G. § 2D1.1 was applicable to Townsend's sentence. Specifically, the government contended that because the amount of drugs seized did not reflect the severity of Townsend's offense, his sentence should be based in part on the size and capacity of the laboratory involved in the conspiracy, as well as the size of the conspiracy itself. Additionally, the government commented that:

> If a hearing is held ... the Government would like to be given the opportunity to put on evidence to demonstrate the amount of methamphetamine that should be considered. At a hearing, a chemist could testify as to the amount of methamphetamine that could have reasonably been produced from the chemicals seized at the lab sites, and the size and capabilities of each lab, as well as any relevant conduct for which [Townsend] should be held accountable under the guidelines.

No hearing was held. Nevertheless, on June 15, the government filed a "supplemental response to defendant's motion for reduction of sentence," attaching, "for the Court's consideration, ... the transcript of the testimony of Joel Budge, Supervising Criminalist of the Texas Department of Public Safety Crime Laboratory, Drug Section...." Budge's testimony, taken in the hearing of one of Townsend's co-conspirator's motion for the reduction of sentence, indicated that the lab involved in the manufacture of the

methamphetamines was capable of producing a maximum of five pounds of drugs.

On July 26, the district court issued an order denying Townsend's motion for a reduction of sentence. The district court found that Budge's testimony regarding the capabilities of the lab was "credible and reasonable, [and] would result in a base offense level of 32, which with a criminal history category of VI would result in guideline range of 210–262 months." The district court also discussed the magnitude of the conspiracy, noting that Townsend "was a part of a very large conspiracy involving a number of Defendants and a large amount of methamphetamine. The seriousness of the overall conspiracy is reflected in the fact that one co-conspirator received a life sentence and several others received sentences in the range of 200–300 months." Finally, after noting that Townsend was "implicated in the operation of additional methamphetamine laboratories," the court concluded that:

> In considering whether to exercise the Court's discretion in this matter, the Court considers the factors set forth in § 3553, particularly paragraphs (1), (2) and (6). Having done so, the Court is convinced that the 300 month sentence originally imposed is appropriate under either the current guidelines or those in effect in June of 1990.

Townsend appeals.

## II. STANDARD OF REVIEW

■ The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and, therefore, we review the district court's determination for abuse of discretion. *United States v. Pardue*, 36 F.3d 429, 430 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1969, 131 L.Ed.2d 858 (1995); *Shaw*, 30 F.3d at 28–29.

clude ... waste water from an illicit laboratory used to manufacture a controlled substance." *Id.* The former version of the guidelines, under which Townsend was sentenced, provided that "unless otherwise specified the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance

containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c) (footnote to drug quantity table); *see also United States v. Shaw*, 30 F.3d 26, 27–28 (5th Cir.1994) (discussing the amendment.) This particular amendment was given retroactive effect. *See* U.S.S.G. § 1B1.10; *Shaw*, 30 F.3d at 28.

## III. DISCUSSION

Townsend argues that the district court erred in not reducing his sentence under the guidelines and in accepting Budge's testimony without allowing Townsend the opportunity to confront it.

The Guidelines themselves instruct that:

In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence it would have imposed had the amendment[ ] to the guidelines ... been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(d). Additionally, § 3582(c)(2) gives the district court discretion to reconsider a sentence when a change in the guidelines results in the possibility of a lower sentencing range. *See Shaw*, 30 F.3d at 28; *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990). When a court considers the propriety of a reduction of a sentence, § 3582(c)(2) also mandates an examination of the factors set forth in 18 U.S.C. § 3553(a) (the same factors considered in the initial sentence)[3] to the "extent they are applicable," and it allows the court to reduce the sentence of a defendant "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In the context of the initial sentencing decision, the court may consider many factors in determining the appropriate punishment. Congress provided that "[n]o limitation shall be placed on the information concerning the background character, and conduct of a person convicted of an offense which a court ... may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also United States v. Berzon*, 941 F.2d 8, 21 (1st Cir.1991) ("Generally, there is no limitation on the information which a court may consider in sentencing other than that the information bear sufficient indicia of reliability to support its probable accuracy."). Accordingly, we have held that "the court may base its sentence on matters outside the presentence report." *United States v. Landry*, 903 F.2d 334, 340 (5th Cir.1990); *accord United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989). Moreover, other courts have found that testimony from separate proceedings involving a co-defendant also properly may be considered in computing a sentence. *See, e.g., Berzon*, 941 F.2d at 19; *United States v. Notrangelo*, 909 F.2d 363, 365–66 (9th Cir.1990); *United States v. Romano*, 825 F.2d 725, 730 (2d Cir.1987).

■ In this case, we are not confronted with, nor do we reach, the question of whether the procedures involved in a § 3582(c)(2) resentencing determination must match the procedures in an initial sentencing determination. In fact, in the instant case no resentencing took place. Nevertheless, given the broad discretion the district court has in considering whether resentencing is appropriate and considering the fact that Congress

---

3. Section 3553(a) lists the following as factors to be considered in imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

has dictated that the factors included in § 3553 apply both to sentencing and to resentencing, we conclude that in deciding whether to resentence a prisoner under § 3582(c)(2), a court may consider the testimony from other proceedings. This consideration, however, is not unrestrained; a defendant must. have notice that the court is considering the testimony such that he will have the opportunity to respond to that testimony.

One of the factors § 3553(a) requires a court to consider when deciding whether to modify a sentence (or when imposing a sentence) is "any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced." The policy statement found at U.S.S.G. § 6A1.3(a) states that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."

Similarly, in the sentencing context, we have stated that when a court intends to rely on matters beyond those in the presentencing report, "the district court must provide defense counsel with an opportunity to address the court on th[ose] issue[s]." *Landry*, 903 F.2d at 340; *see also Otero*, 868 F.2d at 1415 ("If ... the court intends to rely on an[ ] ... additional factor to make an upward adjustment of the sentence, defense counsel must be given an opportunity to address the court on the issue."). Thus, when a court relied on the testimony from a different proceeding in sentencing a defendant, the First Circuit noted, "[a]ll the sentencing court need to have done ... was to timely advise [the defendant] in advance of sentencing that it heard or read, and was taking into account, that testimony, thus enabling him to respond to it before the sentence was set." *Berzon*, 941 F.2d at 21.

■ Section 3582(c)(2) is silent regarding the right to a hearing, and in the instant case, we do not reach the question of whether § 3582(c)(2) requires a hearing. Instead, as courts have held in the sentencing context, we merely hold that when a court intends to

rely on testimony from a different proceeding in its resentencing decision, the court must timely advise the defendant in advance of its decision that it has heard or read and is taking into account that testimony, such that the defendant has the opportunity to contest the testimony. *See Berzon*, 941 F.2d at 21; *United States v. Smith*, 13 F.3d 860, 867 (5th Cir.) (noting that it was clearly improper for a sentencing court to consider information about a defendant contained in the presentencing report of a different defendant without "at least giving [the first defendant] the opportunity to see it and contest its accuracy"), *cert. denied,* —— U.S. ——, 114 S.Ct. 2151, 128 L.Ed.2d 877 (1994).

■ In the instant case, the government stated that "[i]f a hearing is held ... the Government would like to be given the opportunity to put on evidence to demonstrate the amount of methamphetamine that should be considered." Although no hearing was held, the government did submit testimony taken from the hearing of one of Townsend's co-conspirators. In reaching its decision not to resentence, the district court noted that it found the testimony "credible and reasonable." While the pro se movant, Townsend, was served with a copy of the transcript, he was never notified that the court intended to rely on it in reaching a decision nor was he told to respond to the testimony. As Townsend states, he "had no idea that he could o[r] was allowed to reply or respond to the government's response. The appellant thought he had done all that he could do under the law, and he was just going to wait back for a hearing...." We find that in these circumstances, Townsend did not have an adequate opportunity to respond to the government's proffered testimony. He had no notification that he could respond the testimony, nor any indication that the court intended to consider the testimony in its § 3582(c)(2) determination.

This ruling is not contrary to our recent decision in *Shackleford v. United States*, No. 94–50556, (5th Cir. June 5, 1995) (unpublished opinion). In that case, we found that the district court did not abuse its discretion "by denying Shackleford's § 3582(c)(2) motion on th[o]se particular facts." *Shackleford*

*responded* to the government's submission of the testimony of the chemist. The court need only tell a defendant that it intends to rely on testimony from another proceeding in order to alert the defendant to his opportunity to respond to that testimony. When the defendant has responded to the submitted testimony, there is, of course, no defect in the district court's failure to inform that defendant that it intends to rely on that testimony.

## IV. CONCLUSION

For the foregoing reasons, we VACATE the order of the district court and REMAND this case to the district court for further proceedings not inconsistent with this opinion.