**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario J. GUERRIERI, Defendant–
Appellant.**

No. 00–4610.

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 2001.

Before RYAN, BOGGS, and
DAUGHTREY, Circuit Judges.

*ORDER*

Mario J. Guerrieri, a pro se federal prisoner, appeals a district court order denying his motion for modification of sentence

filed under 18 U.S.C. § 3582(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a federal jury found Guerrieri guilty of: 1) maliciously damaging and destroying by means of an explosive Sadie's Casablanca Mediterranean Restaurant and devising and attempting to defraud and obtain money from Cigna Insurance Company through the mail in violation of 18 U.S.C. § 371; 2) arson in violation of 18 U.S.C. §§ 844(i) and 2; and 3) mail fraud in violation of 18 U.S.C. §§ 1341 and 2. The district court sentenced Guerrieri to 120 months of imprisonment and one month consecutive to that term of imprisonment for committing the offenses while on bond. This court affirmed Guerrieri's convictions and sentence. *United States v. Latouf,* 132 F.3d 320, 332 (6th Cir.1997).

In 1999, Guerrieri moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion and certified that an appeal could not be taken in good faith. Guerrieri did not appeal.

In November 2000, Guerrieri sought to have his sentence reviewed and corrected under 18 U.S.C. § 3742, claiming that he was incorrectly sentenced under the Sentencing Guidelines. The district court denied Guerrieri's motion. Guerrieri appeals, reasserting the arguments set forth in the district court.

We review for an abuse of discretion a district court's decision denying a motion to modify sentence, *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir.1995), and review the district court's findings of fact for clear error. *United States v. Mimms,* 43 F.3d 217, 220 (5th Cir.1995).

Upon review, we conclude that the district court did not abuse its discretion in denying Guerrieri's motion. Guerrieri argues that he was incorrectly sentenced under the Sentencing Guidelines. Section 3582(c) provides that a court may not reduce a term of imprisonment once it has been imposed absent one of three specific circumstances: 1) the Director of the Bureau of Prisons moves for a reduction; 2) the government moves for a reduction pursuant to Fed.R.Crim.P. 35 for substantial assistance; or 3) the defendant was sentenced to a guideline range that has subsequently been lowered if the Sentencing Commission designates that the change is to be applied retroactively. 18 U.S.C. § 3582(c). None of these circumstances applies in Guerrieri's case.

Accordingly, we hereby affirm district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum of opinion and order of November 8, 2000.