United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20538
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO RIVERA-BENITO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-446-1
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Alfredo Rivera-Benito pleaded guilty to three counts of
harboring illegal aliens for financial gain, three counts of
transporting illegal aliens for financial gain, and one count of
conspiracy to commit hostage taking. The district court
sentenced Rivera to 210 months in prison and a five-year term of
supervised release.

Rivera challenges the six-level enhancement to his base
offense level under U.S.S.G. § 2A4.1(b)(1) on the basis that a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ransom demand is an element of the hostage-taking offense under 18 U.S.C. § 1203 and that the enhancement thus constituted impermissible double counting. We review the district court's legal interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Angeles-Mendoza, 407 F.3d 742, 746 (5th Cir. 2005). A ransom demand is not an element of the offense under 18 U.S.C. § 1203. Because the fact of a ransom demand is not taken into account by the base offense level set forth for that offense at § 2A4.1(b)(1), there was no impermissible double counting.

Rivera also challenges the § 2A4.1(b)(1) enhancement on the grounds that the smuggled aliens agreed that, upon their arrival in the United States, they would be held until their smuggling fees had been paid. The fact that Pantaleon's detention may have been consensual at its inception is not dispositive of the issue whether she was held captive. See United States v. Carrion-Caliz, 944 F.2d 220, 226 (5th Cir. 1991). For the purposes of 18 U.S.C. § 1203(a), it is sufficient that Pantaleon was later detained or confined against her will. Id.

The record in this case reveals that Pantaleon was told that she would owe $1,300 to the people who received her in the United States as a fee for helping her get across the border. Once Pantaleon arrived in Houston, Texas, however, that $1,300 border-crossing fee was increased to $4,000. Rivera and his co-defendants did not release Pantaleon until they received the

$4,000. Pantaleon was kept in a house completely enclosed by locked burglar bars. She testified that she wanted to run away from the house but that she could not. Based on these facts, Pantaleon's detention clearly ceased to be consensual, and she was confined against her will. The district court therefore did not clearly err in applying the six-level enhancement under § 2A4.1(b)(1).

Rivera also challenges the two-level enhancement under § 2A4.1(b)(3) on several grounds. Citing <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), Rivera first argues that the district court's reliance on testimony from another proceeding denied him his Sixth Amendment rights under the Confrontation Clause. "[T]here is no Confrontation Clause right at sentencing." <u>United States v. Navarro</u>, 169 F.3d 228, 236 (5th Cir. 1999). Nothing in <u>Crawford</u> indicates that its holding is applicable to sentencing proceedings. Accordingly, Rivera's <u>Crawford</u>-based argument lacks merit.

Rivera next argues that the district court's reliance on testimony from a co-defendant's sentencing proceeding violated his due process rights under the Fifth Amendment because he was not given notice of such intended reliance or an opportunity to contest the testimony. To the extent that the district court relied on matters outside the PSR without notifying Rivera in advance, there was error. <u>See</u> <u>United States v. Townsend</u>, 55 F.3d 168, 172 (5th Cir. 1995). Any such error was harmless, however,

because, despite Rivera's assertions to the contrary, the district court did not clearly err in finding that the statements attributed to Pantaleon on the PSR were sufficient to support the § 2A4.1(b)(3) enhancement. See United States v. De La Rosa, 911 F.2d 985, 993 (5th Cir. 1990). Rivera's mere assertion that Pantaleon's deposition testimony was more reliable than information contained in the PSR did not suffice to meet his burden of showing that the information contained in the PSR was materially untrue. See United States v. Vela, 927 F.2d 197, 201 (5th Cir. 1991). The district court did not clearly err in applying the two-level enhancement under § 2A4.1(b)(3).

Rivera also appeals his sentence on the basis that the enhancements applied by the district court violated his Sixth Amendment rights pursuant to United States v. Booker, 125 S. Ct. 738 (2005). As Rivera failed to raise this claim in the district court, our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). In order to establish plain error, Rivera must show: (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. Id.; United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005).

Rivera meets the first two prongs of the plain error test because the enhancements were based on facts found by the district court, which constitutes obvious error after Booker. See Infante, 404 F.3d at 394. Nevertheless, Rivera's claim fails

at the third step of the plain error test because he has not shown that the error affected his substantial rights.  There is no indication in the record that the district court would have imposed a lower sentence if the guidelines had been advisory. See id. at 394-95.  As Rivera has not satisfied the third prong of the plain error test, he is not entitled to resentencing.

Accordingly, the judgment of the district court is AFFIRMED.