# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50339
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICHOLAS QUANTEL ROBERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-126-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nicholas Quantel Roberson, federal prisoner # 56146-180, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of the 240-month sentence he is serving following his guilty plea to possession with intent to distribute more than 50 grams of crack cocaine. Roberson argues pursuant to U.S.S.G. § 1B1.10 and Amendment 706 to the Sentencing Guidelines that he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to resentencing. We review the district court's ruling for abuse of discretion. United States v. Townsend, 55 F.3d 168, 170 (5th Cir. 1995).

In the circumstance where a prisoner's guidelines range has subsequently been lowered as a result of a listed amendment to the Guidelines Manual, the court may reduce the term of imprisonment pursuant to § 3582(c)(2) only if such a reduction is consistent with policy statement § 1B1.10. § 1B1.10(a). Amendment 706 is listed as a "covered amendment," see § 1B1.10(c); however, "[e]ligibility for consideration under [§ 3582(c)(2)] is triggered only by an amendment . . . that lowers the applicable guideline range." § 1B1.10, cmt. (n.1).

Based upon his guilty plea in the instant case to possession of more than 50 grams of crack cocaine and, additionally, the penalty enhancement he received for his 2002 Texas felony drug offense, Roberson faced a mandatory minimum 20-year term of imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii). A guidelines sentence may not be imposed that is less than the statutorily required minimum sentence. § 5G1.1(c)(2). The guidelines amendment would therefore not have the effect of lowering his applicable guidelines range, and the district court's denial of his motion was not an abuse of discretion. Cf. United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994).

AFFIRMED.