**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10994
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT LEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-19-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Lee was sentenced to 180 months in prison following his plea of guilty to possession with the intent to distribute more than 50 grams of cocaine base (crack cocaine) and aiding and abetting. Lee subsequently received two reductions in his sentence pursuant to FED. R. CRIM. P. 35 that reduced his sentence to 132 months. Following amendments to the Sentencing Guidelines that lowered the offense levels for crack cocaine offenses, Lee moved for a further reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the motion, noting that Lee already had received two reductions in his sentence pursuant to Rule 35 and that his sentence of 132 months was below the amended guidelines range.

Lee now appeals. He primarily argues that the district court abused its discretion in denying his § 3582(c)(2) motion because the district court erroneously had believed that it did not have authority to reduce his sentence below the amended guidelines range. Lee, however, misreads the district court's denial. Nothing on the face of the district court's order denying Lee's motion suggests that the court concluded that it was without authority to impose a sentence below the amended range. Moreover, both Lee and the United States informed the district court that it had discretion to reduce Lee's sentence; there is nothing in the record to suggest that the district court disagreed.

Lee also contends that – because the district court stated in its order denying his § 3582(c)(2) motion that it had considered *his* submissions concerning his post-sentencing conduct but did not state in its order that it had considered the *Government's* submissions concerning his post-sentencing conduct – the district court abused its discretion by failing to consider the Government's post-sentencing submissions. This argument has no merit. Indeed, the district court stated in its order that it had considered the Government's response to Lee's § 3582(c)(2) motion, and that response included a section detailing Lee's post-sentencing conduct. Therefore, the district court did in fact consider the Government's submissions concerning Lee's post-sentencing conduct.

Lee has not shown that the district court abused its discretion in denying his § 3582 motion.[1]

AFFIRMED.

---

[1]*See United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009) (citing *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir. 1995)) (explaining that abuse of discretion is the standard for reviewing a district court's decision whether to reduce a sentence).