**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

No. 12-60036
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK BEASLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-78-4

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Patrick Beasley appeals the 190-month sentence imposed following his guilty plea conviction for wire fraud. He argues that his above-guidelines sentence is procedurally and substantively unreasonable. Because Beasley lodged no objections in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *see also United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under this standard, Beasley must show a forfeited error that is clear or obvious and that affects his substantial rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See Puckett*, 556 U.S. at 135.  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Beasley has not established any error in connection with his argument that the district court erred by imposing an upward variance from the guidelines sentencing range of 110 to 137 months of imprisonment without calculating a departure under U.S.S.G. § 4A1.3.  Because the district court imposed a variance, not a departure, the court was not required to calculate a departure under § 4A1.3.  *See United States v. Mejia-Huerta*, 480 F.3d 721, 723 (5th Cir. 2007); *see also United States Gutierrez*, 635 F.3d 148, 151-53 (5th Cir. 2011).  Beasley's argument that the district court failed to provide notice that it would impose a variance is foreclosed by *Irizarry v. United States,* 553 U.S. 708, 713-16 (2008).

Beasley's final argument regarding the procedural reasonableness of his sentence, that the district court erred by failing to give him notice that it intended to rely at sentencing on victim testimony elicited at a codefendant's trial, fails on plain error review.  Beasley is correct that the district court was required to notify him of its intent to rely on the testimony so that he had the opportunity to contest it.  *See United States v. Townsend,* 55 F.3d 168, 171-72 (5th Cir. 1995); *see also United States v. Smith*, 13 F.3d 860, 866-67 (5th Cir. 1994).  However, even if the court committed clear or obvious error by relying on the testimony, Beasley has not shown that his substantial rights were affected because he also has not shown a reasonable probability that he would have received a lower sentence but for the error.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  In particular, the district court gave a lengthy justification for its sentence, stating that the sentence was based on the seriousness of the offense, the history and characteristics of Beasley, and the need to promote respect for the law, to protect the public from his future crimes, and to provide adequate deterrence.  Further, the court stated that its sentence

No. 12-60036

was based on similar sentences imposed on other "leaders and organizers in this case that were involved in same or similar cases in federal court in other jurisdictions that defrauded numerous elderly persons on previous occasions." The district court iterated that Beasley's prior prison term had not deterred his criminal behavior and that in the instant case, he had scammed 91 victims, including 63 elderly victims, out of a substantial amount of money. Based on the foregoing, Beasley has not established plain error in connection with the procedural reasonableness of his sentence. *See Puckett*, 556 U.S. at 135.

Beasley also has not established that his sentence was substantively unreasonable. Regarding his argument that the district court erred in varying upward based on factors taken into consideration in calculating the guidelines range, we have held that *Booker*[1] implicitly rejected the argument that no additional weight can be given to factors that are already included in calculating the guidelines range. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). In addition, because the district court imposed a variance, Beasley's sentence was not substantively unreasonable because the district court did not calculate a departure under § 4A1.3(a)(1). *See Mejia-Huerta*, 480 F.3d at 723. Further, Beasley cannot show any error based on the disparity in sentencing between other defendants in similar cases because he has not shown that the aggravating and mitigating circumstances in those cases were not distinguishable from those present in his case. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). Finally, the extent of the variance was reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. 38, 50-51 (2007); *see also United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months); *United States v. Jones,* 444 F.3d 430, 433 (5th Cir. 2006) (holding

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

the upward departure from guidelines range of 46-57 months to statutory maximum of 120 months was reasonable).

AFFIRMED.