# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-40520

—————

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RENE GARCIA,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

—————————

Appeal from the United States District Court
for the Southern District of Texas

—————————

Before REAVLEY, PRADO, and COSTA, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Defendant–Appellant Rene Garcia appeals from a two-level sentencing enhancement for possession of a dangerous weapon in connection with a drug offense under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b)(1). Garcia argues that the district judge unfairly relied on testimony that the district judge had heard in a separate criminal proceeding of another person—without prior notice to Garcia—in violation of Federal Rule of Criminal Procedure 32 and U.S.S.G. § 6A1.3. We agree, and we vacate Garcia's sentence and remand for resentencing.

No. 14-40520

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Garcia pleaded guilty to conspiracy to possess more than 100 kilograms of marijuana with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, pursuant to a plea agreement. The probation officer prepared a presentence investigation report (PSR) and recommended a sentencing range of 188 to 235 months, subject to a motion by the Government for an acceptance-of-responsibility decrease.

The recommended Guidelines range included a two-level sentencing enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The probation officer based her recommendation on evidence that Garcia conspired to perpetrate a marijuana robbery. According to the PSR, Garcia's neighbor, Pedro Alvarado, was an alleged drug trafficker. Garcia contacted Alvarado to warn him about a suspicious vehicle parked near his property. Alvarado told Garcia that he would go and check out the vehicle. Then, Garcia drove a car, accompanied by Miguel Romo and David Olivarez, that followed a car driven by Alvarado in a high-speed chase of the suspicious vehicle. According to the PSR, one of the passengers in Alvarado's car opened fire on the suspicious vehicle. It turns out that the occupant of the suspicious vehicle was Homeland Security Investigations Special Agent Kelton Harrison, who sustained a gunshot wound during the incident. In describing the offense conduct—separate from the § 2D1.1(b)(1) enhancement discussion—the PSR also mentions that "Arnaldo Alvarado claimed he observed a rifle and a night-vision scope in Rene Garcia's vehicle before he departed their residence."

Garcia filed written objections to the PSR in which he objected to the § 2D1.1(b)(1) two-level enhancement and argued that he never himself possessed a firearm. The probation officer adhered to her recommendation. In

2

No. 14-40520

her response, she relied on § 2D1.1 application note 11(A)[1] and explained that it did not matter whether Garcia himself possessed the firearm: "[T]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense . . . ." She reasoned that the enhancement for possession of a weapon "reflects the increased danger of violence when drug traffickers possess weapons."

At the sentencing hearing, the district judge relied on his recollection of Alvarado's criminal trial—over which the sentencing judge presided and in which Garcia did not participate.[2] Defense counsel objected to the § 2D1.1(b)(1) sentencing enhancement. He argued that the "gun is attributed to the Alvarados," referring to the lead car driven by Alvarado in the pursuit of the suspicious vehicle—not the car driven by Garcia. The district judge responded: "[S]ince there was a complete trial in the Alvarado case, I'm very familiar with . . . the situation there." Although the district court initially expressed skepticism about awarding the § 2D1.1(b)(1) enhancement, ("I wasn't going to assess any kind of use of weapon by Mr. Garcia."), the district judge was ultimately persuaded by the Government's argument that trial testimony indicated that at least one witness "testified that he saw a gun—at least one firearm in Mr. Garcia's vehicle after the shooting." Ultimately, the district

---

[1] The application note provides:

The enhancement for weapon possession in [§ 2D1.1](b)(1)] reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied *if the weapon was present*, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1 cmt. n.11(A) (emphasis added).

[2] Garcia was a codefendant in Alvarado's criminal prosecution; however, Garcia pleaded guilty well before trial started and therefore was not involved in the trial.

court credited the Government's recollection of Olivarez's testimony that there was a rifle in Garcia's car.

As for the PSR's mentioning that Arnoldo Alvarado "claimed he observed a rifle . . . in Rene Garcia's vehicle before he departed their residence," the district court specifically decided to "discount the self-serving testimony of Arnoldo Alvarado on that issue." The court reasoned that Alvarado's testimony on this point, placing the rifle in Garcia's car instead of Alvarado's car, "was designed to shift the blame from his own conduct to others."

Defense counsel objected to the use of Olivarez's testimony from Alvarado's trial to enhance Garcia's sentence—testimony that was not contained in the PSR: "Judge, . . . if you look at the . . . PSR, [the rifle in Garcia's car] is not mentioned. What's mentioned is the weapon that the Alvarados ha[d]." Indeed, as noted above, the PSR reflects this and states that "the vehicle driven by Pedro Alvarado, and occupied by Arnold Alvarado and 16-year-old M.A. . . . [,] opened fire on the suspicious vehicle." Defense counsel continued: "[W]e plead to marijuana and all of a sudden we're . . . dealing with other issues that we weren't prepared to deal with." The court rejoined: "Well, you should have anticipated a weapon issue if there was weapons there." Defense counsel replied: "I want to make sure I don't waive the objection. I'm just saying that . . . we didn't have notice of that [from] the PSR."

Ultimately, the district court calculated the Guidelines range at 78 to 97 months and sentenced Garcia within the Guidelines to 78 months in prison. Garcia timely appeals.

## II.    JURISDICTION AND STANDARD OF REVIEW

This is a direct appeal of a federal criminal sentence. The district court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Garcia objected in the

No. 14-40520

district court to the lack of notice at his sentencing hearing,[3] we review this question de novo. *See United States v. Knight*, 76 F.3d 86, 87 (5th Cir. 1996) (per curiam); *accord United States v. Pennington*, No. 14-60182, 2015 WL 1500514, at *2 (5th Cir. Apr. 3, 2015) (unpublished).

## III.    DISCUSSION

The principal issue in this appeal is whether the district court erred by using testimony from a separate criminal trial that was not contained in the PSR to enhance Garcia's sentence without prior notice. Garcia contends, *inter alia*, that the district court relied on information that was  "not contained within the PSR" and of which "Garcia did not receive notice that the Court was going to utilize . . . in assessing a [two-level] enhancement," in violation of Federal Rule of Criminal Procedure 32 and U.S.S.G. § 6A1.3.[4] The Government counters that the PSR provided Garcia with adequate notice of the enhancement. The Government also argues that the district court properly "relied on its recollection of the sworn testimony of David Olivarez that one of the occupants of Garcia's truck carried a firearm" in applying the two-level enhancement.

Section 6A1.3(a) of the U.S. Sentencing Guidelines requires that the parties "be given an adequate opportunity to present information" to address "any factor important to the sentencing determination [that] is reasonably in dispute." Federal Rule of Criminal Procedure 32(i)(1)(C) provides, "[a]t

---

[3] Defense counsel specifically stated: "[W]e didn't have notice [that testimony from Alvarado's trial would be used to enhance Garcia's sentence from] the PSR . . . . I understand the Court's logic on this but I just wanted to preserve my objection on this." For the reasons discussed *infra* at note 4, we need not address the Government's argument that Garcia's constitutional claims must be reviewed for plain error only.

[4] Garcia also argues the enhancement violated his constitutional rights to due process and to confront witnesses against him. The Government contends that Garcia's these arguments were not fairly presented to the district court and should therefore be reviewed for plain error only. Because we resolve Garcis's appeal on non-constitutional grounds, we need not and do not address these arguments.

sentencing, the court . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence."

We have noted that "[t]he touchstone of [R]ule 32 is reasonable notice to allow counsel adequately to prepare a meaningful response and engage in adversary testing at sentencing." *United States v. Angeles–Mendoza*, 407 F.3d 742, 749 n.12 (5th Cir. 2005) (citation and internal quotation marks omitted); *see also Irizarry v. United States*, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."); 3 Charles A. Wright et al., *Federal Practice & Procedure: Criminal* § 529 (4th ed. 2015) ("Factual matters not included in the presentence report should also be disclosed in advance of sentencing so that the government and the defendant are able to contest inaccuracies."). In assessing the reasonableness of notice, we have considered "the abilities of the average defense counsel" and the need of sentencing judges for "sufficient flexibility to deal with factors not covered in the PSR or arising after its writing." *Knight*, 76 F.3d at 88–89.

"[I]f the defendant has actual knowledge of the facts on which the district court bases an enhancement or a denial of a reduction, the Sentencing Guidelines themselves provide notice of the grounds relevant to the proceeding sufficient to satisfy the requirements of Rule 32 and U.S.S.G. § 6A1.3." *Id.* at 88. For instance, we have held that a defendant's untruthful letter to the sentencing judge could be used to enhance his sentence for obstruction of justice and to deny a reduction for acceptance of responsibility without prior notice, reasoning that the defendant "knew of the letter he authored." *Id.* at 87–89. We have also held that a defendant's knowledge of his own perjurious

testimony at trial was itself "adequate notice of the court's intent to enhance his sentence for obstruction of justice," *United States v. Marmolejo*, 89 F.3d 1185, 1201 (5th Cir. 1996), *aff'd on other grounds sub nom.*, *Salinas v. United States*, 522 U.S. 52 (1997).

We confronted a strikingly similar situation in *United States v. Townsend*, 55 F.3d 168 (5th Cir. 1995) (per curiam). There, as here, the sentencing judge relied on a state witness's testimony in a coconspirator's separate proceeding to deny the defendant's motion for reduction of sentence—without prior notice to the defendant of the court's intent to do so. *Id.* at 170. We vacated the sentence and remanded for resentencing. *Id.* at 173. We held that "when a court intends to rely on testimony from a different proceeding in its resentencing decision, the court must timely advise the defendant in advance of its decision that it has heard or read and is taking into account that testimony, such that the defendant has the opportunity to contest the testimony." *Id.* at 172. We reasoned that, because the defendant "was never notified that the court intended to rely on" testimony from his codefendant's sentencing proceeding, the defendant "did not have an adequate opportunity to respond." *Id.* We explained that the district court "need only tell a defendant that it intends to rely on testimony from another proceeding in order to alert the defendant to his opportunity to respond to that testimony." *Id.* at 173.

We have also held that a sentencing court's decision "to consider information about [one defendant] from [a codefendant's] PSR without at least giving [the defendant] an opportunity to see it and contest its accuracy would clearly be improper." *United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994); *see id.* at 866–68 (vacating and remanding defendant Phillips' sentence because "[t]he factual contents of *Smith's* PSR—on the basis of which the trial court found joint enterprise as to her—cannot be used against Phillips"). We have also noted in dictum that "when [a sentencing] court intends to rely on

information not contained in a defendant's PS[R], Criminal Rule of Procedure 32 requires that 'defense counsel must be given an opportunity to address the court on the issue.'" *United States v. Goldfaden*, 959 F.2d 1324, 1330 (5th Cir. 1992) (quoting *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir. 1989)).

Although *Townsend* arose on motion for a reduction of sentence under 18 U.S.C. § 3582(c), its reasoning to applies with equal force in this context. Here, the PSR reflects that the probation officer recommended the two-level enhancement based on the presence of a firearm in Alvarado's car. Yet, the district court enhanced Garcia's sentence because it credited Olivarez's testimony from another proceeding—of which Garcia was unaware—that there was a rifle in Garcia's car. Because Garcia was not notified prior to the sentencing hearing of the district court's intent to enhance his sentence based on information that was not contained in the PSR, Garcia had no meaningful opportunity to present evidence to impeach or contradict Olivarez's testimony. *See Smith*, 13 F.3d at 867 ("[F]or the sentencing court to consider information about [a defendant extrinsic to the defendant's PSR] without at least giving [the defendant] the opportunity to see it and contest its accuracy would clearly be improper."). Unlike in *Knight* and *Marmolejo*, there is no indication that Garcia had actual knowledge of Olivarez's testimony from Alvarado's trial.

Therefore, we hold that the district court's reliance on testimony from a separate criminal trial that was not contained in the PSR to enhance Garcia's sentence—without prior notice and of which Garcia had no actual knowledge— violated the notice requirements of Rule 32 and U.S.S.G. § 6A1.3.[5] We note that this holding is consistent with our case law, *see United States v. Beasley*, 490 F. App'x 676, 676–77 (5th Cir. 2012) (per curiam) ("Beasley is correct that the district court was required to notify him of its intent to rely on the

---

[5] We need not and do not reach Garcia's constitutional arguments.

testimony so that he had the opportunity to contest it."); *Townsend*, 55 F.3d at 172–73; *Smith*, 13 F.3d at 867, and with the views of our sister circuits, *see, e.g.*, *United States v. Reynoso*, 254 F.3d 467, 469 (3d Cir. 2001) ("Following both Supreme Court jurisprudence and our own, we hold that before a sentencing court may rely on testimonial or other evidence from an earlier proceeding, it must afford fair notice to both defense counsel and the Government that it plans to do so."); *United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1991) ("We hold . . . that, notwithstanding the wide scope of the sentencing court's discretion, a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court. . . . [T]he PS[R] in this case . . . did not sufficiently include all of the purported factors relevant to Berzon's role in the offense which were later presented to the court at Novak's separate sentencing hearing."); *United States v. Castellanos*, 904 F.2d 1490, 1496 (11th Cir. 1990) ("[E]vidence presented at the trial of another may not—without more—be used to fashion a defendant's sentence if the defendant objects. In such a case, where the defendant has not had the opportunity to rebut the evidence or generally to cast doubt upon its reliability, he must be afforded that opportunity.").[6]

---

[6] The Government filed a letter brief pursuant to Fed. R. App. P. 28(j) containing citations to various persuasive authorities from other circuits to support its argument that Garcia's sentence should be affirmed.

Each case is inapposite. In *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989), the issue was whether hearsay evidence was admissible at sentencing and comported with due process—not notice of evidence extrinsic to the PSR. In the other cited cases, the courts specifically found the evidence extrinsic to the PSR to be duplicative and corroborative of unobjected-to evidence in the PSR. *United States v. Quinoñes–Meléndez*, No. 14-1369, 2015 WL 3982388, at *3 (1st Cir. July 1, 2015); *United States v. Checora*, 175 F.3d 782, 787 & n.2 (10th Cir. 1999) ("Redcap's Presentence Report specifically relied upon the testimony of his co-defendants, particularly in its response to Redcap's objections, thereby giving him notice of the statements that would be used against him."); *United States v. Pippen*, 115 F.3d 422, 425 (7th Cir. 1997) (relying on the lack of a specific objection to the PSR).

The Government has not convincingly demonstrated that the district court's reliance on Olivarez's trial testimony at Garcia's sentencing was harmless error under Federal Rule of Criminal Procedure 52(a). The burden is on the Government to "convincingly demonstrate" that the sentencing court would have imposed the same sentence absent the error, and this "is a heavy burden." *United States v. Ibarra–Luna*, 628 F.3d 712, 717 (5th Cir. 2010). The Government exclusively argued that Garcia's sentence should be reviewed for plain error only and neglected to brief harmless error, so the Government has not carried its burden. Moreover, we cannot say that this error was harmless. The district court expressed reluctance to enhance Garcia's sentence for the reasons given in the PSR, and the court found the "self-serving testimony of Arnoldo Alvarado" mentioned in the PSR not credible. Olivarez's testimony from the Alvarado trial weighed heavily in the district court's decision to enhance Garcia's sentence, and Garcia did not have an opportunity to present contradicting evidence or impeach Olivarez's credibility. *See Angeles–Mendoza*, 407 F.3d at 749 n.12 ("The touchstone of rule 32 is reasonable notice to allow counsel adequately to prepare a meaningful response and *engage in adversary testing* at sentencing." (emphasis added) (internal quotation marks omitted)).

## IV.   CONCLUSION

For the foregoing reasons, we VACATE Garcia's sentence and REMAND for resentencing in accordance with this opinion.

---

Moreover, *United States v. Blackwell*, 49 F.3d 1232 (7th Cir. 1995), the final case cited by the Government in its 28(j) letter brief, cuts *against* the Government's argument. There, the court held: "[W]e do not believe [the defendant] was given sufficient notice to allow him meaningfully to rebut the prior testimony [of a codefendant in a separate sentencing proceeding]. . . . We therefore think it prudent, if not necessary, to remand this case for resentencing." *Id.* at 1239–40.