# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41605
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PANCHITA HERNANDEZ-YBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-379-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Panchita Hernandez-Ybarra appeals the sentence imposed following her guilty plea conviction for conspiracy to transport unlawful aliens within the United States by motor vehicle and two counts of transporting unlawful aliens within the United States by motor vehicle. For the first time on appeal, Hernandez-Ybarra argues that the district court plainly erred at sentencing by relying upon testimony given at her co-defendant's trial without first giving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her notice.  She asserts that the error was clear or obvious because this court has long held that defendants are entitled to notice and an opportunity to respond before a sentencing court can rely upon evidence from other proceedings.  According to Hernandez-Ybarra, the error affected her substantial rights because the district court had not decided to overrule her objection to the enhancement for creating a substantial risk of death or serious bodily injury until the evidence from her co-defendant's trial was presented and the overruling of her objection substantially raised her guidelines sentence range.

Hernandez-Ybarra did not object to the consideration of evidence from her co-defendant's trial in the district court.  Accordingly, as Hernandez-Ybarra acknowledges, we review for plain error only.  *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 402 (5th Cir.), *cert denied* 135 S. Ct. 764 (2014).  To show plain error, Hernandez-Ybarra must show a forfeited error that is clear or obvious and that affects her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, we have the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

In determining a sentence, a district court has wide discretion to consider all relevant matters.  *See United States v. Weatherton*, 567 F.3d 149, 153-54 (5th Cir. 2009).  However, a district court must notify the defendant and her attorney of its reliance on facts or factors not contained in the presentence report (PSR) so that the defendant has an opportunity to challenge the accuracy of the facts on which the court relies.  *See United States v. Townsend*, 55 F.3d 168, 172 (5th Cir. 1995).  Nevertheless, "[i]f the defendant has actual knowledge of the facts on which the district court bases an enhancement or a denial of a reduction, the Sentencing Guidelines themselves provide notice of

No. 15-41605

the grounds relevant to the proceeding sufficient to satisfy the requirements of [Federal Rule of Criminal Procedure 32] and U.S.S.G. § 6A1.3." *United States v. Garcia*, 797 F.3d 320, 323 (5th Cir. 2015) (internal quotation marks and citation omitted).

The district court heard and considered testimony given at the trial of Hernandez-Ybarra's co-defendant, and there is no indication in the record that Hernandez-Ybarra received prior notice. However, the testimony from the co-defendant's trial concerned the space in which the transported aliens were traveling, and this information was also contained, in detail, in the factual basis and the PSR. Indeed, at sentencing, there was no dispute regarding the area where the transported aliens were traveling; Hernandez-Ybarra instead argued that traveling in that area did not create a substantial risk of death or serious bodily injury. As Hernandez-Ybarra "ha[d] actual knowledge of the facts on which the district court base[d] [the] enhancement," she has not shown that the district court committed error, plain or otherwise. *Garcia*, 797 F.3d at 323 (internal quotation marks and citation omitted).

AFFIRMED.