# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30434
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY JAMES WASHINGTON, also known as Worm,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-83-28

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jeremy James Washington appeals the sentence imposed following his conviction for conspiracy to distribute and possess with intent to distribute cocaine and unlawful use of a communications facility. He was sentenced above the guidelines range to concurrent sentences of 60 months of imprisonment on the drug charge and 48 months of imprisonment on the communications charge and a total of three years of supervised release. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court violated Rule 32(i)(1)(C) of the Federal Rules of Criminal Procedure and deprived him of due process when it imposed an upward variance without notifying him of its intent to do so. He also contends that the 60-month sentence is substantively unreasonable.

We assume for purposes of the analysis that Washington preserved these claims of error. *See United States v. Hebert*, 813 F.3d 551, 559 (5th Cir. 2015). A preserved claim of error regarding lack of notice is reviewed de novo. *United States v. Garcia*, 797 F.3d 320, 322 & n.3 (5th Cir. 2015). Washington had no "expectation subject to due process protection" of a sentence within the guidelines range by virtue of the advisory nature of the Sentencing Guidelines. *Irizarry v. United States*, 553 U.S. 708, 713 (2008). He was therefore on notice that the district court might impose an upward variance under the 18 U.S.C. § 3553(a) factors. *See United States v. Mejia-Huerta*, 480 F.3d 713, 722 (5th Cir. 2007). The presentence report's description and his personal knowledge of his criminal history put him on notice of the factual basis for the upward variance. *See United States v. Stanford*, 823 F.3d 814, 846-48 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016); *Garcia*, 797 F.3d at 323-25; *Mejia-Huerta*, 480 F.3d at 722-23. Therefore, he had a reasonable opportunity to comment on these matters, and there was no violation of Rule 32(i)(1)(C) or deprivation of due process.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court gave a "thorough justification" for the variance in this case. *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). The district court concluded that Washington's prior arrests and pending charges and the conversation during which Washington offered to kill someone for his codefendant and recounted how he had shot someone were aggravating factors that warranted an upward

variance.    The extent of the variance, 30 months above the guidelines maximum of 30 months, is within the range of variances we have upheld.  *See id.* at 345.   Given the significant deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's reasons for its sentencing decision, Washington has not demonstrated that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45.

AFFIRMED.