# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFRED GEORGE STOKES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-26-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfred George Stokes, proceeding *pro se*, challenges the denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2) following an amendment to Sentencing Guideline § 2D1.1 (applicable to crimes involving controlled substances). The district court ruled he was ineligible for a sentence modification because he could have been sentenced as a career offender under Guideline § 4B1.1 (applicable to offenders who are: over 18 years old,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

committed a crime-of-violence or controlled-substance felony, and had committed at least two prior, crime-of-violence or controlled-substance felonies). Although Stokes concedes he qualified as a career offender at the time of sentencing, he contends he is eligible for a modification because the court instead determined his offense level under the above-referenced Guideline § 2D1.1.

The court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion, *e.g.*, *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir. 1995); but defendant's *eligibility* for a sentence reduction, the issue at hand, is reviewed *de novo*, *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

Application Note 1(A) to Guideline § 1B1.10 (pertaining to reduction of term of imprisonment with amendment of the Guidelines) prohibits modifying a sentence if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline". U.S.S.G. § 1B1.10, cmt. n.1(A); *United States v. Carter,* 595 F.3d 575, 581 (5th Cir. 2010) (holding Application Note 1(A) to Guideline § 1B1.10 is authoritative). In this instance, the operation of the career-offender Guideline prevented the court's modifying Stokes' sentence pursuant to 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10, cmt. n.1(A); U.S.S.G. § 4B1.1(b)(3).

AFFIRMED.