# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2020

Lyle W. Cayce
Clerk

No. 18-60273
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUDY HARMON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CR-38-10

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Judy Harmon appeals her sentence for conspiracy to possess methamphetamine with intent to distribute. Harmon raises two issues on appeal. She first complains that the district court procedurally erred in holding her accountable for 60 pounds of methamphetamine, contending that the trial testimony regarding drug quantity was inconsistent with notations in ledgers kept by her co-conspirators to track her drug purchases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60273

She expressly contends that the district court did not sufficiently scrutinize the testimony and the ledgers and failed to provide a rationale for accepting the testimony over the ledgers.

Harmon does not dispute the Government's assertion that the ledgers cover only a portion of her nearly year-long involvement in the drug conspiracy. Her co-conspirator, Gerardo Lima, testified that the notations in a ledger detailing Harmon's activity during a single month were a low representation of the amount of drugs that she generally obtained from him and sold to her customers. The ledgers are not inconsistent with Lima's testimony that he generally provided Harmon with nearly 10 pounds of methamphetamine a month for almost a year. Lima's testimony as to the amount of drugs he supplied to Harmon was consistent with the testimony of Harmon's customers regarding the quantities they purchased. In light of the record as a whole, the district court's factual finding of 60 pounds was plausible and does not amount to clear error. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Next, Harmon insists – for the first time on appeal – that, contrary to Federal Rule of Criminal Procedure 32, the Due Process Clause, and U.S.S.G. § 6A1.3, p.s., the district court erred in failing to provide her with notice of its intention to rely at sentencing on evidence outside the record. She complains specifically of the court's consideration of Lima's testimony from the sentencing hearing of another co-conspirator, Thomas Scruggs, in making its factual finding of drug quantity.

Notwithstanding the absence of notice, the offense conduct contained in Harmon's presentence report, which was based on Lima's testimony at Harmon's trial, sufficiently supports a drug quantity finding of 60 pounds and a resulting offense level of 36. Harmon "ha[d] actual knowledge of the facts on

No. 18-60273

which the district court base[d]" her offense level assessment, so she has failed to show that the district court committed clear or obvious error. *United States v. Garcia*, 797 F.3d 320, 323 (5th Cir. 2015) (internal quotation marks and citation omitted). Even if the court had plainly erred, Harmon cannot show a reasonable probability that, but for any error, she would have received a lower sentence. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). She thus cannot show an impact on her substantial rights. *See id.*

AFFIRMED.